887 A.2d 156

STATE OF NEW JERSEY IN THE INTEREST
OF D.W., JUVENILE–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 26, 2005—Decided October 6, 2005.

Before Judges A.A. RODRÍGUEZ, ALLEY [1] and C.S. FISHER.

---

[1] Judge Alley, not originally assigned to hear this case, has joined in its consideration and in this opinion.

*Yvonne Smith Segars,* Public Defender, attorney for appellant (*Lon Taylor,* Assistant Deputy Public Defender, of counsel and on the letter brief).

*Vincent P. Sarubbi,* Camden County Prosecutor, attorney for respondent State of New Jersey (*Christopher St. John,* Assistant Prosecutor, of counsel and on the letter brief).

The opinion of the court was delivered by

C.S. FISHER, J.A.D.

D.W., a fourteen-year old male, was charged in a juvenile complaint with a single count of harassment, a disorderly persons offense when committed by an adult, in violation of *N.J.S.A.* 2C:33–4(b). This charge resulted from a school incident that occurred on May 19, 2004. D.W. was alleged to have touched the buttocks of a female classmate, L.T. The complaint was amended three months later to allege that the same conduct constituted fourth-degree criminal sexual contact, in violation of *N.J.S.A.* 2C:14–3(b).

At the conclusion of a trial during which the judge heard the testimony of L.T. and D.W., as well as another classmate, the judge found D.W. delinquent as charged. His disposition of the matter included imposing upon D.W. a probationary term of two years and a direction that D.W. comply with the registration and notification provisions of Megan's Law, *N.J.S.A.* 2C:7–1 to –19.

■ D.W. appealed, raising the following arguments for our consideration:

I. SINCE THE AMENDMENT OF THE JUVENILE HARASSMENT COM-PLAINT TO INCLUDE A MORE SERIOUS CRIMINAL SEXUAL CONTACT CHARGE WAS IMPROPER BY CHARGING "ANOTHER OR DIFFERENT OFFENSE FROM THAT ALLEGED" CONTRARY TO RULE 5:20–1(d), THE DELINQUENCY ADJUDICATION FOR CRIMINAL SEXUAL CONTACT MUST BE VACATED (Not Raised Below).

II. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE ADJUDICA-TION FOR CRIMINAL SEXUAL CONTACT, ESPECIALLY IN LIGHT OF THE UNEXPLAINED ABSENCE OF A SUBPOENAED STATE WITNESS (Not Raised Below).

III.  SINCE THE FOURTH DEGREE CRIMINAL SEXUAL CONTACT OC-
CURRED BETWEEN A MINOR AND A MINOR, THE JUVENILE SHOULD
NOT BE SUBJECT TO MEGAN'S LAW, ESPECIALLY SINCE THERE WAS
NO FINDING THAT THE JUVENILE HAD AN INTENT TO "SEXUALLY
AROUSE[ ] OR SEXUALLY GRATIFY[ ]" HIMSELF (Not Raised Below).

Because we agree with defendant's contention that the trial
judge's finding of criminal sexual contact was not supported by the
evidence, we will reverse the judgment to that extent and, thus,
need not consider the issues raised in Points I and III.

█   To prove that D.W. committed the act of criminal sexual
contact, in violation of *N.J.S.A.* 2C:14–3(b), the State was required
to demonstrate that D.W. intentionally touched L.T. on the but-
tocks for the purpose of degrading or humiliating her, or for the
purpose of sexually arousing or gratifying himself. *State v.
Zeidell,* 154 *N.J.* 417, 428, 713 *A.*2d 401 (1998); *State in the
Interest of G.B.,* 365 *N.J.Super.* 179, 185, 838 *A.*2d 529 (App.Div.
2004).  In sustaining the charges, the trial judge held that he was
satisfied

> the State has proven the elements ... beyond a reasonable doubt in that I find
> that [D.W.] did make the touching and it was done for the purpose to degrade or
> humiliate the victim.  The comment that [L.T.] made that she was embarrassed
> when she blurted out that somebody had touched her butt I think buttresses that
> fact, and I find that he intentionally did touch her private area.

While the evidence was sufficient to support the judge's finding
that D.W. did touch L.T.'s buttocks, L.T.'s assertion that she was
embarrassed is not sufficient to support a finding that D.W.
touched L.T. with a purpose to "humiliate or degrade" her.
Considering that the event occurred in a classroom in the pres-
ence of others, and that the touching was brief, albeit embarrass-
ing to L.T., are facts that do not, standing alone, meet the
requirements of *N.J.S.A.* 2C:14–3(b).  Common sense dictates that
this conduct represented nothing more than inappropriate horse-
play between schoolmates, and did not rise to a level of serious-
ness commensurate with the charge of criminal sexual contact.
*See G.B., supra,* 365 *N.J.Super.* at 186, 838 *A.*2d 529.

While the evidence was sufficient to support the charge of
harassment, and, indeed, D.W. does not argue to the contrary, we

conclude that the charge that D.W. engaged in an act of criminal sexual contact was not supported by the evidence.

We reverse the adjudication of delinquency only insofar as it was based upon a finding of criminal sexual contact, and we remand for an amendment of the judgment to eliminate the application of Megan's Law penalties and requirements. We do not retain jurisdiction.